# THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
## Civil Action No. 3:20-cv-00470-MOC-DSC

| | |
|---|---|
| PREGEL AMERICA, INC., | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | )<br>) |
| MR. MARCO CASOL and MS. TANIA SOVILLA, | )<br>)<br>) |
| Defendants. | )<br>)<br>)<br>)<br>) |

**STIPULATED PROTECTIVE ORDER**

WHEREAS, Plaintiff PreGel America, Inc., and Defendants Mr. Marco Casol and Ms. Tania Sovilla (collectively, the "Parties") have stipulated pursuant to Fed. R. Evid. 502(d) and Fed. R. Civ. P. 16(b)(3)(B)(iv) to the following protective order ("Protective Order") to govern the disclosure of documents, communications, information, and/or electronically stored information (collectively "Discovery Materials") in this action.

WHEREAS, the Court has reviewed the terms of the Stipulated Protective Order.

NOW THERFORE the Court hereby ORDERS as follows:

A.  **Scope of Protective Order.**

This Protective Order governs the disclosure and use of all Discovery Materials—including all copies, excerpts, and summaries thereof—produced or supplied by any Party or any other individual or entity in connection with this Action.

B.  **Inadvertent Disclosure of Privileged Discovery Materials.**

If a Party produces Discovery Materials without realizing, at the time of production, that such Discovery Materials are subject to a claim of attorney-client privilege or work product protection ("Privileged Disclosures"), such disclosure shall be deemed to be an inadvertent disclosure. Such inadvertent disclosure shall not be a waiver or other forfeiture of any claim of privilege or work product protection with respect to: (a) the Discovery Materials inadvertently disclosed; (b) any other documents, communications, information, and/or electronically stored information ("ESI") relating to the subject matter of the Discovery Materials inadvertently disclosed; or (c) any other documents, communications, information, and/or ESI relating to the Party or Parties who sent or received or are named in the inadvertently disclosed Discovery Materials.

1.  **Procedure After Inadvertent Disclosure of Discovery Materials.**

The Party that inadvertently discloses Discovery Materials as to which a claim of privilege or work product protection is made shall promptly notify the receiving Party in writing of the disclosure of any privileged or work product protected Discovery Materials and shall identify the privilege that is claimed. In addition, if a Party receives Discovery Materials and has reasonable cause to believe that it has

received privileged or work product protected Discovery Materials, then the receiving Party shall promptly notify the producing Party in writing of the materials believed to have been inadvertently produced and shall not use such Discovery Materials or disclose them to third parties during the pendency of a response from the producing Party. The producing Party then shall promptly confirm whether a claim of privilege is made.

Upon receiving notice of inadvertent production, or confirmation of the same, the receiving Party shall follow the reasonable instructions of the producing Party with respect to further handling of the Discovery Materials, including return and/or destruction and confirmation of the same. As to any Discovery Materials that the receiving party has marked in some fashion that would reveal work product of the receiving Party, Discovery Materials may be destroyed instead of being returned.

### 2. Basis for Privilege or Protection.

All Discovery Materials as to which there is a claim of privilege or protection shall be identified appropriately on a privilege log. To the extent that inadvertently produced documents have not yet been identified on the log, then the producing Party shall promptly identify such documents. This Protective Order does not provide any privilege or protection over documents that do not otherwise qualify for such privilege or protection, but guards against the waiver of such privilege or protection. No information learned from inadvertently produced Discovery Materials may be used by the receiving Party during any challenge to a claim of privilege or protection.

### 3. Construction of Protective Order With Respect to Claims of Inadvertent Production.

This Protective Order is, and shall be construed as, an order under Rule 502(d) of the Federal Rules of Evidence ordering that privilege or protection is not waived by disclosure in connection with litigation pending before this Court. Accordingly, as is explicitly set forth in Rule 502(d), the production of Privileged Disclosures is not a waiver of any privilege or protection in other federal or state proceedings. This Protective Order shall not in any way be deemed to limit a Party's right to withhold privileged or work product protected materials pursuant to law.

## C. **Permitted Use of Confidential Discovery Materials.**

For the purpose of this Protective Order, "Confidential Discovery Materials" shall mean all materials and information produced or disclosed in this Action that any Party in good faith considers confidential, proprietary, or not otherwise publicly available. The Confidential Discovery Materials shall be used by the Party receiving such Confidential Discovery Materials only for purposes necessary to the litigation between and among the Parties in this Action ("Permitted Purpose"), and not for any other purpose or any other lawsuit or dispute between the Parties.

### 1. Confidential Designations.

Confidential Discovery Materials shall be so designated by clearly marking "Confidential" on each page thereof and all copies thereof.

**2. Designation of Discovery Materials as Confidential After Production.**

A producing Party may designate materials or information as Confidential Discovery Materials after disclosure of such information by written notice to the receiving Party. When a producing Party makes a designation pursuant to this Paragraph C.2, counsel for the receiving Party shall make reasonable efforts to assure the proper treatment of such information, which may include securing the return of such information from persons to whom disclosure was made but to whom disclosure would not have been permitted by this Protective Order had the Discovery Materials been so designated prior to disclosure.

**3. Disclosure of Discovery Materials Designated as "Confidential."**

Except as otherwise may be provided in this Protective Order, Discovery Materials designated as "Confidential" shall not be disclosed to any person other than:

(a) Counsel retained or employed by the Parties, and their respective current and former employees and administrative support personnel (including those persons and firms engaged in the copying or organization or conversion of documents from or to electronic media) retained by counsel to the extent necessary for the Permitted Purpose;

(b) The Parties, and their respective present and former directors, officers, and employees who are involved or have decision-making authority with respect to this Action or the subject matter thereof, to the extent necessary for the Permitted Purpose;

(c) Experts and consultants retained by counsel for the Parties in connection with this Action to the extent necessary for the Permitted Purpose;

(d) Any court reporter, typist, or videographer rendering services in this Action;

(e) Any actual or potential witness, and persons called to testify at any deposition, hearing, or trial in this Action, and his or her counsel;

(f) The Judge and court staff during the trial of this Action or any hearing conducted in connection with this Action; or

(g) Any entity that has a statutory, regulatory, or contractual right to review information contained in the files of Defendant.

All persons and entities entitled to receive Discovery Materials designated as "Confidential" pursuant to Paragraphs C.3(a)-(c), (e) and (g) above shall be informed of the terms, and provided with a copy of this Protective Order, and instructed that they are bound by its terms and required not to disclose confidential information which may be contained in the Discovery Materials and designated as "Confidential." In addition, those persons and entities entitled to receive information designated as "Confidential" pursuant to Paragraphs C.3(c) and (e) above shall, prior to disclosure, execute the Acknowledgement in the form attached hereto as Exhibit A, agreeing to be bound by the terms of this Protective Order. Those persons entitled to receive information designated as "Confidential" pursuant to Paragraphs C.3(d) and (f) above shall be informed of the terms of this Protective Order.

### 4. Designation as "Highly Confidential-Attorneys & Experts Only"

A party may elect that certain Confidential Information not be divulged to the persons referred to in Paragraphs C.3(b) and (e), above if it in good faith believes that it is so sensitive or proprietary that disclosure to such persons could cause irreparable harm. In that case, such information may be designated by the producing party as "Highly Confidential-Attorneys & Experts Only" under the procedure set forth in Paragraph 2, and shall be treated as Confidential Information for the purposes of this Protective Order, except that such information may only be disclosed to those persons referred to in Paragraphs C.3(a),(c)-(d) and (f)-(g), herein in accordance with the terms and conditions of this Protective Order. If a party objects to the designation of materials as "Highly Confidential-Attorneys & Experts Only," that party may attempt to remove such designation by following the procedure set forth in Paragraph C.5, herein.

### 5. Challenge to Designation as Confidential.

In the event that any Party disputes the designation or non-designation of any Discovery Materials, the Parties shall first seek to resolve such dispute in good faith on an informal basis. If the dispute cannot be resolved, the objecting Party may seek appropriate relief from the Court on not less than ten business days' written notice. In any dispute regarding the appropriateness of a designation of Discovery Materials, the designating Party shall have the burden of persuasion.

**6. Use of Confidential Information at Depositions.**

Information disclosed at a deposition, including testimony, may be designated by any Party as "Confidential" for purposes of this Protective Order by indicating on the record at the deposition that the testimony is confidential and subject to the provisions herein. Additionally, or alternatively, any Party may designate information disclosed at a deposition as "Confidential" by notifying all counsel in writing within thirty business days of receipt of the deposition transcripts, the specific pages and lines of the transcript that are deemed confidential. All deposition transcripts shall be treated as confidential for thirty business days following receipt of the transcript to allow counsel sufficient opportunity to make such designation. If Confidential Discovery Materials are to be used in a deposition, Counsel for the Parties will cooperate to ensure that such materials are adequately safeguarded.

**7. Filing Confidential Discovery Materials Under Seal with the Court.**

The Parties will comply with the procedures set forth in LR 6.1 and LR 26.2 in the event that either Party intends to file Confidential Discovery Materials with the Court.

**8. No Evidentiary Effect.**

The designation, or lack of designation, of Discovery Materials as "Confidential" shall have no evidentiary force or effect in this Action, nor shall it be determinative of the actual confidential status of such Discovery Materials. The Parties agree and acknowledge that this Protective Order does not diminish or

Page **8** of **13**

Case 3:20-cv-00470-MOC-DSC   Document 21   Filed 04/11/22   Page 8 of 13

eliminate the right of any Party to contest its obligation to produce or disclose information for any reason including, but not limited to, because such information constitutes or contains confidential information.

## 9. Disclosure In Other Actions or to Non-Signatory Parties.

If the receiving Party becomes subject to a request or motion to disclose Discovery Materials that the producing Party has designated as "Confidential" pursuant to this Protective Order, then the receiving Party shall give the producing Party prompt written notice within five business days after receipt of the request or motion so that the producing Party may have an opportunity to appear and be heard on whether that information or material should be disclosed.

The Parties also agree that, with respect to any request for documents or materials subject to this Protective Order, including compulsory process:

   a. Within five business days of receiving notice from the receiving Party, the producing Party shall disclose to the receiving Party, in writing, whether the producing Party intends to challenge the request.

   b. In the event that the producing Party elects to challenge the request, the Party who received the request shall not produce documents or materials subject to this Protective Order pending the Court's determination of its production obligation, or as otherwise agreed by the Parties.

   c. The Parties will cooperate in good faith with each other with respect to any requests for documents or materials subject to this agreement.

Subject to Paragraphs C.9(a) and (b), any Party who produces documents in response to a request, motion to disclose, or a subpoena must inform in writing the person, entity, or party that caused the request, motion, or subpoena to issue that some or all of the information or material covered by the motion or subpoena is the subject of this Protective Order and forward a copy of this Protective Order.

**10. Other Provisions.**

Within thirty days after the final conclusion of this Action, all Confidential Discovery Materials and all copies thereof, except those which are in the custody of the Court, shall, at the designating Party's option, be returned to the Party, destroyed (and certified as having been destroyed) by any party or person in possession thereof, or secured in accordance with its standard record destruction and security procedures, except that the Parties and/or their counsel may retain deposition transcripts (including exhibits), trial transcripts, and trial exhibits in accordance with the Parties' or their counsel's applicable retention guidelines. Any documents so retained shall remain subject to this Protective Order.

Any dispute that arises under this Protective Order shall be resolved by motion made before the Court upon not less than ten business days' written notice.

This Protective Order shall survive the conclusion of this Action and the Court's jurisdiction. Should any provision herein be held unenforceable, such provision shall be deemed to be deleted as though it had never been a part of this Protective Order, and the validity, legality, and enforceability of the remaining terms and provisions shall not be in any way affected or imperiled thereby.

**SO ORDERED**.

Signed: April 11, 2022

_David S. Cayer_
David S. Cayer
United States Magistrate Judge

# Exhibit A

## ACKNOWLEDGEMENT OF STIPULATED PROTECTIVE ORDER

      I hereby acknowledge that I have read and am familiar with the Stipulated Protective Order in *PreGel America, Inc. v. Mr. Marco Casol and Ms. Tania Sovilla*, Case No. 3:20-cv-00470 (United States District Court for the Western District of North Carolina), and agree to be bound to the terms thereof. I agree not to disclose any documents designated as "Confidential" (or any of the confidential contents of such documents) or information concerning confidential material to anyone other than those persons authorized under the terms of the Stipulated Protective Order. I agree that to the extent that I or any of my employees are provided with Confidential Discovery Materials, I will instruct such employees regarding the terms of the Stipulated Protective Order and will ensure that such employees do not disclose Confidential Discovery Materials except as provided by the Stipulated Protective Order. I further agree that I will be subject to the jurisdiction of the United States District Court for the Western District of North Carolina with respect to matters relating to compliance with this Acknowledgement and the Stipulated Protective Order.

Date: _____, 20\_\_\_\_

_____
Name

Signatory's Business Address:

_____
_____
_____
_____

Signatory's Residential Address:

_____
_____
_____
_____

Dated: April 6, 2022.

/s/ Edward A. Jesson
Edward A. Jesson
N.C. Bar No. 48849
JESSON & RAINS, PLLC
5960 Fairview Road, Suite 400
Charlotte, NC 28210
Telephone: (704) 496-2770
Facsimile: (866) 586-3748
edward@jessonrainslaw.com

/s/ Michael Elliot Hirsch
Michael Elliot Hirsch
N.C. Bar No. 52196
BRIDGEHOUSELAW LLP
112 South Tryon Street
Suite 1100
Charlotte, NC 28284
Telephone: (980) 219-5200
Facsimile: (980) 219-5200
michael.hirsch@bridgehouse.law

*Attorneys for Plaintiff PreGel America, Inc.*

/s/ Edward B. Davis
Edward B. Davis
N.C. State Bar No. 27546
Lacey Moore Duskin
N.C. State Bar No. 30652
BELL, DAVIS & PITT, P.A.
227 W. Trade Street, Suite 1800
Charlotte, North Carolina 28202
Telephone: (704) 227-0400
Facsimile: (704) 227-0178
ward.davis@belldavispitt.com
lduskin@belldavispitt.com

*Attorney for Defendants Marco Casol and Tania Sovilla*