UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:20-cv-00470-MOC-DSC

| | |
|---|---|
| **PREGEL AMERICA, INC.,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| Vs. | ) ORDER |
| | ) |
| **MARCO CASOL** | ) |
| **TANIA SOVILLA**, | ) |
| | ) |
| Defendants. | ) |

**THIS MATTER** is before the Court on Defendants' Motion to Dismiss for lack of subject matter jurisdiction. (Doc. No. 39). Plaintiff filed a Response in opposition. (Doc. No. 40). Defendants filed a reply to Plaintiff's response. (Doc. No. 42). For the following reasons Defendants' motion is **GRANTED**.

**I.    BACKGROUND**

Plaintiff, Pregel America, Inc. ("Plaintiff"), is a company that produces and distributes ingredients for gelato, ice cream, and other frozen desserts. Plaintiff is suing its former employees Marco Casol and Tania Sovilla (collectively "Defendants") for breach of contract, fraud, constructive fraud, breach of fiduciary duty, conversion, and violation of the North Carolina Unfair and Deceptive Trade Practices Act.

It is undisputed that Plaintiff is a North Carolina corporation, incorporated under the laws of North Carolina, with its principal place of business in Concord, North Carolina. (Doc. No. 17 at ¶ 4). It is also undisputed that Defendants are both dual citizens of Italy and the United States, and both currently reside in Italy. (Doc. No. 17 at ¶¶ 5–6). Defendants were domiciled in Italy

when this action was commenced. (Doc. No. 6 at ¶¶ 2–3; Doc. No. 17 at ¶ 53).

Plaintiff brought its suit against Defendants in this Court under diversity jurisdiction. (Doc. No. 17 at ¶ 1). Defendants now move to dismiss this case for lack of subject matter jurisdiction. Defendants argue there is no diversity jurisdiction over this case, and therefore the case must be dismissed. Plaintiff has responded in opposition, asserting that diversity jurisdiction over this case does exist. (Doc. No. 40).

## II. STANDARD OF REVIEW

Defendants have filed their motion to dismiss under Rule 12(b)(1) of the Federal Rules of Civil Procedure. Under Rule 12(b)(1), a defendant may file a motion to dismiss based on a lack of subject matter jurisdiction. FED. R. CIV. P. 12(b)(1). Where a defendant files such a motion, the plaintiff bears the burden to prove that subject matter jurisdiction exists. Adams v. Bain, 697 F.2d 1213, 1219 (4th Cir. 1982). A plaintiff must establish the existence of subject matter jurisdiction by a preponderance of the evidence. See New Wellington Fin. Corp. v. Flagship Resort Dev. Corp., 416 F.3d 290, 294 (4th Cir. 2005). Additionally, a motion to dismiss for lack of subject matter jurisdiction may be brought on the grounds that the complaint fails to allege sufficient facts to invoke the court's jurisdiction and, when made on those grounds, all the facts asserted in the complaint are presumed to be true. Adams, 697 F.2d at 1219.

## III. DISCUSSION

Federal district courts have limited jurisdiction. United States ex rel. Vuyyuru v. Jadhav, 555 F.3d 337, 347 (4th Cir. 2009). "They possess only that power authorized by Constitution and statute." Randall v. United States, 95 F.3d 339, 344 (4th Cir. 1996). Therefore, "when a district court lacks subject matter jurisdiction over an action, the action must be dismissed." Vuyyuru, 555 F.3d at 347. Federal jurisdiction under 28 U.S.C. § 1331 is precluded in this case because

Plaintiff is suing Defendants exclusively under North Carolina state law and no federal question has been presented. Therefore, this Court must determine whether diversity jurisdiction exists pursuant to 28 U.S.C. § 1332.

A case falls within federal diversity jurisdiction only if diversity of citizenship among the parties is complete and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a); Carden v. Arkoma Assocs., 494 U.S. 185, 187 (1990). Complete diversity of citizenship is achieved when the action is between: "(1) citizens of different States; (2) citizens of a State and citizens or subjects of a foreign state, except that the district courts shall not have original jurisdiction under this subsection of an action between citizens of a State and citizens or subjects of a foreign state who are lawfully admitted for permanent residence in the United States and are domiciled in the same State; (3) citizens of different States and in which citizens or subjects of a foreign state are additional parties; and (4) a foreign state, defined in section 1603(a) of this title, as plaintiff and citizens of a State or of different States." 28 U.S.C. § 1332(a).

Plaintiff asserts that complete diversity of citizenship exists under 28 U.S.C. § 1332(a)(2). Section 1332(a)(2)–known as alienage jurisdiction–grants this Court subject matter jurisdiction in suits between citizens of a State and citizens of a foreign country. Defendants respond that they are not citizens of a foreign country because they are dual citizens of the United States and Italy, and only the U.S. citizenship of a dual citizen is recognized for purposes of diversity jurisdiction. Plaintiff replies that Defendants are citizens of a foreign country because they should be considered Italian citizens under a "dominant nationality theory."

> **a. There is a widely accepted rule that a dual citizen of the United States and another nation will be considered a U.S. citizen for the purposes of diversity jurisdiction.**

A broad consensus has formed that a dual citizen of the United States and another nation will be considered a U.S. citizen for diversity purposes. The Supreme Court and the Fourth Circuit Court of Appeals have not explicitly addressed whether a dual citizen of the United States and another nation, who is domiciled abroad, can be considered a foreign citizen for diversity purposes. However, every federal appellate court to consider this issue has arrived at the same conclusion: U.S. citizenship controls. Action S.A. v. Marc Rich & Co., 951 F.2d 504, 507 (2d Cir. 1991); Frett-Smith v. Vanterpool, 511 F.3d 396, 400 (3d Cir. 2008); Coury v. Prot, 85 F.3d 244, 250 (5th Cir. 1996); Sadat v. Mertes, 615 F.2d 1176, 1187 (7th Cir. 1980); Jones v. Dalrymple, 679 Fed. Appx. 668, 670 (10th Cir. 2017).

A strong rationale supports this conclusion. "The major purpose of alienage jurisdiction is to promote international relations by assuring other countries that litigation involving their nationals will be treated at the national level, and alienage jurisdiction is also intended to allow foreign subjects to avoid real or perceived bias in the state courts." Coury, 85 F.3d at 250. Accordingly, alienage jurisdiction is not available to Native-born American citizens. Allowing a dual citizen to invoke alienage jurisdiction would give dual citizens "an advantage not enjoyed by native-born American citizens." Id. Dual citizens would be able to exploit their dual citizenship to either create or destroy diversity jurisdiction. Indeed, no federal court has concluded that a dual citizen is not an American citizen for diversity purposes.

### b. This Court will not repudiate this widely accepted rule under a "dominant nationality theory."

Plaintiff, relying on the dominant nationality theory, asks this Court to spurn a well-established accord and determine a dual citizen of the United States and another nation is a foreign citizen for diversity purposes. The dominant nationality theory posits that a district court

should analyze a dual citizen's "conduct, residence, and his relationship in the countries in which he claims dual citizenship," determine the dual citizen's dominant nationality by reason of residence or other associations within the dual citizen's control, and declare the dual citizen's dominant nationality their nationality for the purposes of diversity jurisdiction. Nazareth Candy Co., Ltd. v. Sherwood Grp., Inc., 683 F. Supp. 539, 541 (M.D.N.C. 1988); See also Sadat v. Mertes, 615 F.2d 1176, 1187 (7th Cir. 1980).

In support of the dominant nationality theory, Plaintiff points to Nazareth Candy Co., Ltd. v. Sherwood Grp., Inc. In Nazareth Candy, an Israeli corporation, the plaintiff, sued the defendant, a dual citizen of Israel and the United States. Nazareth Candy Co., 683 F. Supp. at 540–41. The defendant asserted diversity jurisdiction was inappropriate because he was an Israeli citizen, and therefore the case involved two foreign parties. The court disagreed, determining that under the dominant nationality theory the defendant "would be an American citizen for the purposes of diversity jurisdiction" because his home, family, and business were in North Carolina. Id. at 542.

This court chooses not to apply the dominant nationality theory for three reasons. First, subsequent authority has abandoned the dominant nationality theory in favor of a bright-line rule that U.S. nationality applies. Since Nazareth Candy was decided in 1988, courts across the country have addressed the issue of diversity jurisdiction and dual citizens. As noted, every circuit court to consider this issue has adopted the bright-line rule that U.S. citizenship controls. Action S.A., 951 F.2d at 507; Frett-Smith, 511 F.3d at 400; Coury, 85 F.3d at 250; Sadat, 615 F.2d at 1187 (7th Cir. 1980); Jones, 679 Fed. Appx. at 670. No circuit has adopted the dominant nationality theory. While the Fourth Circuit has not yet addressed this issue, extensive, unanimous, and well-reasoned authority from other circuits support this Court's determination

that Defendants should be considered U.S. citizens for diversity purposes.

Second, the concerns undergirding the dominantly nationality theory have been addressed by the widely accepted bright-line rule. Nazareth Candy Co. applied the dominant nationality theory out of concern for the inherent unfairness of allowing dual citizens to "select nationality at will to defeat or to gain access to the federal courts." Nazareth Candy Co., 683 F. Supp. at 542. However, a bright-line rule declaring that dual citizens will be considered U.S. citizens prevents dual citizens from selecting their nationality, thereby quelling this concern.

Third, the dominant nationality theory has never been used to contradict the widely accepted rule that U.S. citizenship controls. Notably, Nazareth determined that a defendant was an U.S. citizen, directly coinciding with law from other circuits specifying that only the U.S. nationality of a dual citizen is recognized for purposes of diversity jurisdiction. See, e.g., Coury 85 F.3d at 247–48; Frett-Smith, 511 F.3d at 399–400. The authority that Nazareth relied on in applying the dominant nationality theory–Sadat v. Mertes, 615 F.2d 1176 (7th Cir.1980) and Raphael v. Hertzberg, 470 F. Supp. 984 (C.D.Cal. 1979)–also reached the conclusion that a dual citizen should be considered a U.S. citizen for diversity purposes. Plaintiff has failed to point to a single federal court case that applied the dominant nationality theory and concluded that a dual citizen was a citizen of a foreign nation for the purposes of diversity jurisdiction.

### IV.     CONCLUSION

In sum, this Court chooses to apply the rule that a dual citizen of the United States and another nation will be considered a U.S. citizen for diversity purposes, because this rule is the legal consensus among federal courts and has a strong justification rooted in the purpose of alienage jurisdiction. Applying this rule, complete diversity between the parties does not exist under 28 U.S.C. § 1332(a)(2).

Moreover, no other form of complete diversity exists which sustains this Court's subject matter jurisdiction over this case. Section 1332(a)(3) jurisdiction does not exist because no foreign states are additional parties. Section 1332(a)(4) jurisdiction does not exist because a foreign state is not a party to this case. Finally, section 1332(a)(1) jurisdiction does not exist. Section 1332(a)(1) requires an action between citizens of two different U.S. states, but Defendants are domiciled in Italy, making them "stateless" for the purpose of federal diversity jurisdiction. Newman-Green, Inc. v. Alfonzo-Larrain, 490 U.S. 826, 828 (1989).

Because complete diversity does not exist under § 1332, this Court has no subject matter jurisdiction over this case, and the case will be dismissed.

## ORDER

**IT IS THEREFORE ORDERED** that Defendants' Motion to Dismiss, Doc. No. 39, is **GRANTED** and this case is dismissed for lack of subject matter jurisdiction.

Signed: March 10, 2023

Max O. Cogburn Jr
United States District Judge